UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD D. JONES,<br><br>          Plaintiff,<br><br>   v.<br><br>LEROY D. BACA, et al.<br><br>          Defendants. | No.  CV 07-8194 PA (VBK)<br><br>ORDER ADOPTING IN PART AND DENYING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 the Court has reviewed the Motion for Summary Judgment ("Motion") filed by defendants Leroy D. Baca and the County of Los Angeles ("County") (collectively "Defendants"), the Cross-Motion for Summary Judgment ("Cross-Motion") filed by plaintiff Sanford D. Jones ("Plaintiff"), the records on file, and the Report and Recommendation of the United States Magistrate Judge, and has considered *de novo* the portions of the Report as to which objections have been filed.  With the exception of the portions noted below, the Court accepts the Magistrate Judge's Report and adopts it as it own findings and conclusions.

Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1), the Court may designate a magistrate judge to conduct hearings on a motion for summary

1  judgment and submit proposed findings of fact and recommendations.  If either party has an

2  objection to the magistrate's proposed findings and recommendations it may serve and file

3  those objections within 14 days.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  The

4  opposing party then has 14 days to respond to the objections.  Id.  The district judge shall

5  conduct a de novo review of those portions of the magistrate's report to which the parties

6  have objected.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

7         Plaintiff filed this action pro se, alleging various violations of his constitutional

8  rights.  Plaintiff is a civil detainee who was involuntarily detained at the Los Angeles

9  County Men's Central Jail from 2002 to the present pursuant to California's Sexually

10  Violent Predator Act ("SVPA"), Cal. Welf. & Inst. Code § 6600, et seq.  Plaintiff's verified

11  Complaint alleges that the conditions of his detainment violated his Fourteenth Amendment

12  right to due process, and filed claims against Defendants and a number of employees of the

13  County.  Plaintiff has not served any parties aside from Defendants.  Defendants moved for

14  summary judgment, and Plaintiff filed a cross-motion for summary judgement.  The

15  Magistrate Judge issued a Report and Recommendation ("Report") on the motions on March

16  31, 2010, recommending that the motions be granted in part and denied in part.  Defendants

17  filed their objections on April 13, 2010, and Plaintiff filed his objections on June 7, 2010.

18         Plaintiff's Complaint listed numerous conditions of his confinement which he claims

19  were unconstitutional.  The Report found that, with the exception of Plaintiff's allegations of

20  destructive property searches, none of the conditions of Plaintiff's confinement violated his

21  Fourteenth Amendment rights.  The Report thus recommended denying Defendants' Motion

22  as to whether Plaintiff's due process rights were violated by the destructive property

23  searches, and granting the Motion as to the remainder of Plaintiff's claims of constitutional

24  violations.  The Report also recommended denying the Motion as to the liability of Baca and

25  the County.  For the reasons stated below, the Court sustains Defendants' objections to those

26  portions of the Report in which the Magistrate Judge recommended denying Defendants'

27  Motion for Summary Judgment.

28

1 **Destructive Property Searches**

2        First, Defendants contend that the Magistrate Judge should have recommended

3 granting summary judgement as to whether the destructive property searches violated

4 Plaintiff's due process rights.  Plaintiff alleged that deputies placed limits on the amount of

5 paperwork or other personal property that he could keep in his cell, and would discard the

6 excess immediately or after six months in storage.  Plaintiff alleged that the standard for

7 which items were discarded was arbitrary, depending on which deputy conducted the search.

8        Defendants' motion argued that the restrictions on paperwork were for the legitimate

9 non-punitive purpose of preventing the accumulation of materials that could create a fire

10 hazard.  The Report did not address whether removal of Plaintiff's paperwork was a punitive

11 condition.  Instead, the Magistrate Judge conducted a procedural due process analysis,

12 noting that the "unauthorized intentional deprivation of property by a state employee does

13 not constitute a violation of the procedural requirements of the Due Process Clause of the

14 Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

15 Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).  The

16 Magistrate Judge acknowledged that "California law provides an adequate post-deprivation

17 remedy for any property deprivations."  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.

18 1994)(citing Cal. Gov't Code §§810-895).  Nevertheless, the Magistrate Judge found that

19 summary judgment should not be granted because it was unclear from the record whether

20 there were sufficient jail grievance procedures which might remedy Plaintiff's claim.

21        Having reviewed Plaintiff's claim regarding destructive property searches the Court

22 finds that Defendants are entitled to summary judgment.  First, Defendants have shown that

23 there is a legitimate non-punitive purpose for limiting the amount of paperwork or other

24 materials in Plaintiff's cell.  See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010

25 WL 4449711 at *15 (C.D. Cal. Aug. 24, 2010)("Defendants have rebutted the *Jones*

26 presumption of punitive conditions by presenting evidence showing that the confiscation of

27 Plaintiff's excess property was accomplished 'pursuant to legitimate governmental purposes:

28

1   permitting inmates to have excess paperwork in their cells constitutes a fire hazard . . . .'").

2   Moreover, to the extent that Plaintiff's claim is based on violation of his procedural due

3   process rights, the Court finds that California state law provides an adequate post-

4   deprivation remedy for any lost property.  See Barnett, 31 F.3d at 816-17.  Therefore, it is

5   not necessary for the jail to also provide another remedy in the form of a grievance

6   procedure.  Cf. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)("There is no legitimate

7   claim of entitlement to a grievance procedure.").

8   **Liability of Defendant Leroy D. Baca**

9          Defendants next object to the Magistrate Judge's recommendation that their Motion

10   be denied as to defendant Baca, the Sheriff of Los Angeles County.  "A supervisor may be

11   liable if there exists *either* (1) his or her personal involvement in the constitutional

12   deprivation, *or* (2) a sufficient causal connection between the supervisor's wrongful conduct

13   and the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446

14   (9th Cir. 1991)(quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  As an initial

15   matter, the Court has now found that Defendants are entitled to summary judgment on the

16   issue of whether there was a violation of Plaintiff's constitutional rights.  In the absence of

17   any constitutional violation, Baca is entitled to summary judgment.

18          Even assuming that Plaintiff had produced some evidence of a constitutional

19   violation Baca would still be entitled to summary judgment.  Defendants presented

20   Plaintiff's deposition testimony, in which Plaintiff admitted that he had never met Baca.

21   Therefore, Plaintiff cannot pursue Baca for any personal involvement in a constitutional

22   violation.  Instead, Plaintiff alleged that Baca's liability was based on his failure to train and

23   supervise his subordinates.  See Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir.

24   2000)("Supervisors can be held liable for . . . their own culpable action or inaction in the

25   training, supervision, or control of subordinates . . . .").  Defendants provided evidence that

26   jail employees receive training and supervision in the treatment of SVPA detainees.

27   Plaintiff did not provide any contradicting evidence.  Nevertheless, the Magistrate Judge

28

1   recommended denying the Motion, citing Plaintiff's allegations that Baca failed to train and

2   supervise his subordinates.

3          Under Federal Rule of Civil Procedure 56(e)(2) a nonmoving party "may not rely

4   merely on allegations or denials in its own pleading; rather, its response must—by affidavits

5   or as otherwise provided in this rule—set out specific facts showing a genuine issue for

6   trial."  However, in the case of a party appearing pro se a court "must consider as evidence

7   in [Plaintiff's] opposition to summary judgement all of [Plaintiff's] contentions offered in

8   motions and pleadings, where such contentions are based on personal knowledge and set

9   forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty

10  of perjury that the contents of the motions or pleadings are true and correct."  Jones, 393

11  F.3d at 923.  Since Plaintiff filed a verified Complaint and verified Cross-Motion for

12  Summary Judgement, his allegations and other statements may be considered as evidence,

13  but only if they are based on personal knowledge.  In this case Plaintiff's verified Complaint

14  and Cross-Motion for Summary Judgment made conclusory allegations that Baca had failed

15  to train and supervise his subordinates, but did not establish that he has personal knowledge

16  sufficient to support such statements.  The Court therefore does not consider Plaintiff's

17  allegations as evidence.  In the absence of any evidence supporting Plaintiff's claim of

18  failure to train or supervise the Court sustains Defendants' objections with respect to Baca.

19  **Liability of Defendant the County of Los Angeles**

20         The County is also entitled to summary judgment for similar reasons.  To impose

21  liability against the County, Plaintiff must show: "(1) that a County employee violated

22  [Plaintiff's] rights; (2) that the County has customs or policies that amount to deliberate

23  indifference . . . and (3) that these policies were the moving force behind the employee's

24  violation of [Plaintiff's] constitutional rights, in the sense that the County could have

25  prevented the violation with an appropriate policy."  Gibson v. County of Washoe, 290 F.3d

26  1175, 1193 (9th Cir. 2002).  Like a supervisor, the County may also be held liable if it fails

27  to train and supervise its peace officers such that the "failure to train amounts to deliberate

28  indifference to the rights of persons with whom the [officers] come into contact."  City of

1  Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989).

2  Since the Court has found insufficient evidence of a constitutional violation, the County is

3  also entitled to summary judgment.  Moreover, even if Plaintiff had provided evidence of a

4  constitutional violation the County would still be entitled to summary judgment because

5  Plaintiff has not produced evidence to support his claim that the County failed to train and

6  supervise its officers.  Neither Plaintiff's verified Complaint nor his verified Cross-Motion

7  for Summary Judgment established that he has personal knowledge sufficient to support his

8  allegations concerning the County's failure to train and supervise.  As such, the Court also

9  sustains Defendants' objections to the Magistrate Judge's findings with respect to the

10  County's liability.

11                                          **Conclusion**

12         For the foregoing reasons, the Court denies Plaintiff's objections to the Magistrate

13  Judge's Report, and sustains Defendants' objections to the Report.  The Court accepts the

14  remainder of the Magistrate Judge's Report and adopts it as it own findings and conclusions.

15  Defendants' Motion for Summary Judgment is granted and Plaintiff's Cross-Motion for

16  Summary Judgment is denied.  The Court shall issue a Judgment consistent with the terms of

17  this order.

18  DATED: August 16, 2011

19                                          _____

20                                                  Percy Anderson
                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28